# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ANTHONY P. TYSZKA,

                Plaintiff,

                -vs-                           Case No.   13-CV-334

LT. R. BAUMANN,

                Defendant.

---

## DECISION AND ORDER

---

The plaintiff, Anthony P. Tyszka, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at Green Bay Correctional Institution (GBCI). This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis*, his motion for extension of time, and for screening of the plaintiff's complaint.

### I.  MOTIONS

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed

an initial partial filing fee of $10.37 and has paid a total of $36.37 toward the filing fee in this case. The Court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

On April 10, 2013, the plaintiff filed a motion for extension of time and asked for an extension of four to five days to submit the remainder of the legal documentation of his claim and the remainder of the full filing fee. At that time, no additional documentation or money was due. Accordingly, the Court will deny this motion as moot.

## II. SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action

2

will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

555). To state a claim, a complaint must contain sufficient factual matter, accepted as true,

"that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the

principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that:

1) he was deprived of a right secured by the Constitution or laws of the United States; and

2) the deprivation was visited upon him by a person or persons acting under color of state

law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing

*Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez*

*v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se*

allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551

3

U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On March 21, 2012, the plaintiff was awakened by C.O. Graves and C.O. Steudel at 11:30 p.m. The plaintiff was told that Lt. R. Baumann was demanding a strip search for no apparent reason. The plaintiff got dressed and was escorted to a strip search cell, where he removed his clothes and gave them to C.O. Steudel through the door's slot. C.O. Graves was within 5-10 feet of him the entire time. The plaintiff continued to comply with C.O. Steudel's orders during the strip search procedure. After the plaintiff had turned around and "spread 'em," he looked out the cell window to his right and saw Lt. Baumann standing there, leaning against the window frame. (Complaint at 2). While C.O. Steudel was still frisking the plaintiff, Lt. Baumann cut between Steudel and the front wall of the cell, forcing Steudel to step back to allow room for him to pass. Lt. Baumann came to the door where the plaintiff was chained naked and leaned on the door jamb. The plaintiff asked, "What the hell's this all about?" *Id.* Lt. Baumann responded, "So, tell me why you like segregation so much." *Id.* Lt. Baumann then told plaintiff he was imposing a "creative" and severe disposition or punishment of a loss of books and ear buds for 90 days. *Id.* at 3. C.O. Steudel gave the plaintiff his clothes back through the door slot. As the plaintiff was putting on his pants, he looked out of the cell door's window and saw Lt. Baumann laughing approximately ten feet away. Upon seeing this, the plaintiff yelled, "Asshole!" *Id.* There was no conversation to account for Lt. Baumann's laughing, and the plaintiff never made any sexual comments to Lt. Baumann or anyone else. C.O. Graves and C.O. Steudel escorted the

4

plaintiff back to his cell, where another officer was finishing a search of the plaintiff's cell. That officer confiscated the plaintiff's books and earbuds.

On March 23, 2012, the plaintiff tried to appeal the disciplinary disposition. Lt. Baumann's shift did not pick up the form so a correctional officer took it during the morning medication rounds. The plaintiff heard no response for nearly two weeks when the average response time is three to five business days. On April 23, 2012, the plaintiff submitted another appeal form and a message to Assistant Deputy Warden Sarah Cooper. Cooper replied that the original appeal "was never received by this office," and the plaintiff received notice that his second appeal form was "Denied, untimely." *Id.* at 4-5.

The plaintiff also presents several issues regarding inmate complaints, the opening and reading of incoming and outgoing legal mail, and the plaintiff's demotions in class that affected his privileges and his return to general population. The plaintiff asserts that Lt. Baumann was involved in his demotions and that the demotions were in retaliation for the plaintiff's appeals and inmate complaints regarding the strip search incident.

Claims of sexual harassment or abuse by correctional officers may be the basis for an Eighth Amendment claim. *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1187 (7th Cir. 1986) (§ 1983 sexual harassment claims sufficiently strong to survive challenge on appeal); *see also Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995) ("a prisoner has a remedy for deliberate harassment, on account of sex, by guards of either sex"). At this stage, the plaintiff has stated an Eighth Amendment sexual harassment claim against Lt. Baumann.

5

Additionally, a prisoner's retaliation claim is subject to a liberal notice pleading standard; to comply with 1915A, as with Fed. R. Civ. P. 12(b)(6), the complaint need specify only the bare minimum facts necessary to notify the defendants and the court of the nature of the claims. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The "bare minimum" in a retaliation claim are the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response. *See id.*; *Walker v. Thompson*, 288 F.3d 1005, 1012 (7th Cir. 2002) ("a plaintiff alleging retaliation must reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting the retaliatory conduct"). The plaintiff also has stated a retaliation claim against Lt. Baumann.

With regard to some of the other potential claims referred to in the complaint, the plaintiff seems to be bringing them against individuals who are not named as defendants. Those individuals were not named as defendants by the plaintiff in the caption, and it unacceptable for a court to add litigants on its own motion. *Myles v. United States*, 416 F.3d 551 (7th Cir. 2005)

### III.  ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #9) is **denied as moot**.

6

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lt. R. Baumann.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $313.63 remainder of the filing fee. Payments shall be clearly identified by the case name and number assigned to this action and mailed to the Clerk of Court.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule

of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2014.

SO ORDERED:

HON. RUDOLPH T. RANDA
U.S. District Judge

8